DOVER MERCANTILE COMPANY *v.* MYERS.

4-6888                                                    167 S. W. 2d 491

Opinion delivered December 14, 1942.

*J. F. Quillin* and *Gordon B. Carlton,* for appellant.

*M. M. Martin* and *Hal L. Norwood,* for appellee.

GRIFFIN SMITH, C. J.   The plaintiff, Dover Mercantile Company, is a corporation. S. M. Myers is the wife of D. E. Myers. The corporation sued in circuit court to quiet and confirm its title to 160 acres and two lots purchased at an execution sale, allegation being that the defendants claimed some interest in the property —an interest ''not founded upon law.''

The answer of S. M. Myers denied that the corporation had title, the facts being, she said, that the lands were her separate estate. As to the tract containing 160 acres, it, with other lands, was acquired in 1925 through purchase from Road Improvement District No. 1 of Polk County, the District having foreclosed for delinquent assessments. Also, in 1925, Mrs. J. A. Mullins conveyed to S. M. Myers two lots in Mena. The

mercantile company had procured judgment against D. E. Myers on his independent obligation. Levy under execution was upon the lots and acreage. There was a prayer that the cause be transferred to equity.

. In a reply to Mrs. Myers' answer, the corporation admitted the acreage was acquired by the improvement district, but alleged that D. E. Myers was actual purchaser, he having procured a deed in his wife's name. It was claimed he had consistently assessed the property as his own, and in like manner he had paid taxes, except that on two occasions forfeiture was to the state, in consequence of which D. E. Myers redeemed in his own name before there had been certification to the commissioner at Little Rock.

As to the lots in Mena, it was alleged that prior to 1925 they were owned by Mrs. Mullins, and that D. E. Myers owned two acres near Hatfield. The Mena lots and the acreage near Hatfield were exchanged, title to the lots having been taken in the name of S. M. Myers. The deed was not placed of record until after the mercantile company levied. It was charged that alterations had been made whereby S. M. Myers was substituted for D. E. Myers as grantee. Following the levy, this deed was recorded. It was thereafter lost. Deed to the 160-acre tract was not recorded until the levy was made.

S. M. Myers did not testify. Except as to record entries, most of the evidence is statements made by D. E. Myers on direct and cross examination. In effect he admitted insolvency in 1922. This status was brought about because he improvidently indorsed notes for $16,000. Myers detailed efforts he had made to meet the obligations he was secondarily bound to discharge. He told of other judgments, some of which had been paid. His contention was that a bank failure and stock obligations resulted in financial ruin, although at points in his testimony there was the contention that substantial equities in property existed. This witness was called by appellant.

Appellees stress that while the deeds to Mrs. Myers were executed in 1925, appellant's judgment was not procured until 1930.

Myers' testimony is confused and is far from satisfactory as a guide upon which to predicate a decision. It is apparent that the chancellor had this view. But it is equally certain that the chancellor did not believe appellant had met the burden of proving the property in question was not purchased with the separate funds of Mrs. Myers. Here, too, the testimony is rather vague. It was contended that a large herd of cattle sold long before the present controversy arose was partly owned by Mrs. Myers, and that proceeds were invested for her. This may be true, or it may not. But in any event the chancellor had to decide whether fraud charges had been sustained. His determination is not contrary to a preponderance of the evidence when it is considered that one who alleges must establish the ground upon which relief is sought.

Affirmed.